962 So.2d 715 (2007)
Robert WILLIAMS, Appellant
v.
Hugh R. THOMPSON, Ike Long and State Farm Fire & Casualty Company, Appellees.
No. 2005-CA-02038-COA.
Court of Appeals of Mississippi.
July 17, 2007.
*716 Leman D. Gandy, Greenwood, attorney for appellant.
Dan W. Webb, Amy Stokes Harris, Tupelo, Roechelle Ryann Morgan, attorneys for appellees.
Before LEE, P.J., IRVING and CHANDLER, JJ.
LEE, P.J., for the Court.

FACTS
¶ 1. Robert and Angela Williams were joint owners of a home and property in Greenwood, Mississippi, that was insured by a homeowners' policy issued by State Farm Fire and Casualty Co. When the Williams divorced in September 1998, Angela was awarded sole use and possession of the home. Angela forwarded a copy of the divorce decree to the couple's State Farm agent, Hugh R. Thompson. In accordance with company guidelines, State Farm changed the policy, effective January 12, 2000, to reflect Angela as the named insured and Robert as an additional insured.
¶ 2. On December 23, 1998, the home was damaged during an ice storm. The claim was not reported until December 1, 1999, and the loss was inspected by State Farm on December 20, 1999. State Farm issued a check for $1,746.43 for the damage to the house. The check was made out to Robert Williams and his mortgage company and was mailed to the address of the damaged home. The check was never cashed. State Farm was not aware at this point that Robert was no longer living at the address. Robert complained that he never received the check and a subsequent check was issued. However, the second check was issued to Angela Williams as State Farm was notified of the divorce decree awarding Angela sole use and possession of the home between the issuance of the first and second checks. The second check was never cashed and was later voided by the insurance company.
¶ 3. In March 2000, Angela moved out of the marital home. Ike Long, underwriter for State Farm, sent a letter dated June 9, 2000, to Robert advising him that the homeowners' policy would be "non-renewed" effective July 12, 2000, due to the fact that Angela had moved and the property was vacant. Angela failed to meet the conditions of the divorce decree and was made to convey her interest in the property by warranty deed to Robert on June 15, 2000. The property remained vacant until July 2000 when Robert moved in the house.
¶ 4. On July 11, 2000, Robert re-applied for homeowners' insurance on the house. In a letter dated August 28, 2000, Long informed Robert that his application for insurance coverage on the home would be cancelled as of September 11, 2000. Specifically, the letter stated that the home did not qualify for coverage because "the roof had been deteriorated in some areas and needed replacing." This deterioration *717 was a result of the ice storm in 1998 for which State Farm issued payment, but repairs were never made. Robert admitted that at the time he applied for homeowners' insurance following cancellation of the original policy due to vacancy, his roof had not been repaired. Robert admitted that a check for $3,100 was issued to him, his attorney, and his mortgage company in full and final payment of any and all roof claims associated with the property. Robert accepted and endorsed the check.

PROCEDURAL HISTORY
¶ 5. On May 21, 2001, Robert filed a complaint in the Circuit Court of Leflore County against State Farm, Thompson, and Long, alleging wrongful termination of the homeowners' policy insuring the Williams's home in Greenwood. On September 24, 2003, State Farm filed a motion to dismiss or, in the alternative, for summary judgment or, in the alternative, for partial summary judgment. The motion was heard by the circuit court, and an order was entered granting summary judgment in favor of State Farm on September 22, 2005.
¶ 6. Williams now appeals to this Court arguing that the trial court erred in granting summary judgment in favor of State Farm, Thompson, and Long.
¶ 7. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 8. This Court applies a de novo standard of review to the grant or denial of summary judgment by a trial court. Leffler v. Sharp, 891 So.2d 152, 156(¶ 9) (Miss. 2004). When the evidence is considered in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. M.R.C.P. 56(c); Russell v. Orr, 700 So.2d 619, 622(¶ 10) (Miss.1997).

DISCUSSION
¶ 9. In arguing that summary judgment in favor of State Farm, Thompson, and Long was not appropriate, Robert points to three issues that he asserts present genuine issues of material fact.
¶ 10. First, Robert argues that it is disputed whether "State Farm wrongfully paid Angela Williams solely, to the exclusion of Robert Williams, for the roof damage." This assertion does not present a genuine issue of material fact as the parties admit that State Farm correctly issued the check solely to Angela. After the Williamses divorced, Angela was awarded sole use and possession of the home. In accordance with company guidelines, State Farm changed the policy to reflect Angela as the named insured and Robert as an additional insured. When the check was issued, Angela was the named insured and, thus, the check was properly issued in her name.
¶ 11. Second, Robert asserts that it is disputed whether "State Farm, without reasonable justification, removed appellant, Robert Williams' [sic], from the homeowner's policy." This issue is without merit as Robert was never removed from the policy but was changed to an additional insured.
¶ 12. The third issue that Robert asserts presents a genuine issue of material fact is whether "State Farm wrongfully terminated Robert Williams' coverage under the second homeowner's policy." State Farm declined to insure the home the second time because the roof needed replacing before a policy could be issued. Robert admitted that at the time he applied for homeowners' insurance the roof had not been repaired. The reason for the *718 termination of the second policy was the condition of the roof and was not related to the first policy.
¶ 13. Robert also calls to this Court's attention a misstatement in the trial court's order. The trial court stated that Robert alleged that State Farm charged him a higher premium for a new homeowners' policy. However, Robert's actual allegation was that he was "forced to go to another company and was charged a much higher premium." We do not find this misstatement material as this fact had no bearing on the decision of the trial court.
¶ 14. After reviewing the record, we cannot find that these three assertions present a genuine issue of material fact. Summary judgment in favor of State Farm, Thompson, and Long was appropriate.
¶ 15. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.